UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



United States of America,

—v—

John Thompson,

        Defendant.

13-cr-378 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On November 27, 2019, Defendant John Thompson filed a "Nunc-Pro-Tunc Judgement / 35(a) motion." Dkt. No. 166. The Court construes Defendant Thompson's submission as made under Federal Rule of Criminal Procedure 35(a) and interprets it to be *nunc pro tunc* in the sense that it seeks to correct an earlier judgment.

The Court denies Defendant's Rule 35(a) motion as untimely. A Rule 35(a) motion must be made "[w]ithin 14 days after sentencing," a date which has long since passed. Fed. R. Crim. P. 35(a). It is true that earlier iterations of Rule 35 allowed the Court to correct an illegal sentence at any time. *See Hill v. United States*, 368 U.S. 424, 430 n.7 (1962). However, the Rule was later amended in order to add a time limit and narrow its scope. As the 1991 Advisory Committee notes to Rule 35 explain, the current provision "provides an efficient and prompt method for correcting obvious technical errors that are called to the court's attention immediately after sentencing." But as the committee noted, Rule 35(a)'s time limit "is not intended to preclude a defendant from obtaining statutory relief from a plainly illegal sentence. The Committee's assumption is that a defendant detained pursuant to such a sentence could seek relief under 28 U.S.C. §2255 if the seven-day period [now amended to fourteen days] . . . has elapsed."

1

Defendant argues that he should nonetheless be permitted to file a Rule 35(a) motion under the doctrine of equitable tolling. Assuming that equitable tolling is available for Rule 35(a) motions, Defendant must still show "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted). Defendant does not allege any such extraordinary circumstances. Indeed, in the years since Defendant's sentencing, he has filed multiple habeas petitions, suggesting that there was little to prevent him from also filing a Rule 35 motion.

Defendant's Rule 35 motion is denied. Additionally, Defendant's submission will not be construed as a successive habeas petition, because he has explicitly requested that the Court not do so. *See* Dkt. No. 166 at 3 ("This motion is not to be interpreted as a second successive.").

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Chambers will mail a copy of this Order to Defendant and note its mailing on the docket. This resolves Dkt. No. 166.

SO ORDERED.

Dated: December ___, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge